Curia, per
Johnson, J.
The case referred to in the special verdict, and which will be found reported in Harp. 426, is decisive that the plaintiffs, as indorsers, were discharged in law, by the neglect of theBank'to make a proper demand on the drawer of the note ; and I think it equally clear that, if that fact was concealed from plaintiffs, and they paid the note in ignorance of it, they are entitled to recover the money back. Garland vs. Salem Bank, 9 *368 Mass. R. 408. But if, on the contrary, they paid the money knowing that no demand had been made, or that it was informal and irregular, then, on the clearest principles of common sense and common justice, they are not entitled to recover. From this view of the law, it follows that the liability of the defendants depends altogether on the fact, whether plaintiffs had notice that no demand, or an irregular and informal demand, had been made on the drawer, and on this fact the special verdict is silent. There are cases, I am aware, in which the court could infer circumstances in aid of a special verdict, but that can only be proper where the inference is a necessary and natural deduction from the facts ascertained. The facts ascertained here are, that plaintiffs were indorsers for Howell, and that they paid the money, and that no demand had been made on Howell. Now these circumstances would just as well authorize the deduction that they did not know that a demand had not been made as that they did know it: so that the court are wholly uninfoimed as to the most important and material fact which enters into the case. It is ordered, therefore, that a new trial be granted, to ascertain whether, at the time the plaintiffs paid the money to the Bank, they knew, or had notice, that no other demand than that set out in the special verdict had been made on Howell, the drawer of the note.
O’Neall, J. concurred.